UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MATTHEW FINNEGAN,<br><br>         Plaintiff,<br><br>vs.<br><br>REGUS MANAGEMENT GROUP,<br><br>         Defendant. | Case No.: 3:21-cv-0606-JLS-NLS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 2) |

  Plaintiff Sean Matthew Finnegan, proceeding *pro se*, filed a complaint against Regus Management Group on April 7, 2021 along with a request to proceed in forma pauperis ("IFP"). *See* "Compl.," ECF No. 1; "IFP Mot.," ECF No. 2. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Proceed IFP with leave to pay the filing fee.

  Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty

'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984).

Here, Plaintiff has failed to sufficiently demonstrate he is entitled to IFP status. Plaintiff's affidavit is largely incomplete. *See generally* IFP Mot. Although Plaintiff represents that he is employed at Liquid Events Worldwide, he claims he had no monthly income or expenses the last twelve months. *See id.* at 2. He left blank sections 8, 10, and 12. *Id.* at 3. This is despite question 12 stating, "If you answered all of the items in #3 'No,' and have not indicated any other assets or sources of income anywhere on this form, you must explain the sources of funds for your day-to-day expenses." *Id.* at 3. Plaintiff answered all the items in question 3 "No," but he left blank question 12. *See id.* at 2–3. Plaintiff has not provided sufficient information from which a court can infer indigency.

Accordingly, the Court concludes that it does not have enough information to evaluate Plaintiff's IFP application. The application is **DENIED**.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** forty-five (45) days from the date on which this Order is electronically docketed in which to reopen his case by either (1) paying the entire $402 statutory and administrative filing fee or (2) filing a completed Motion to Proceed IFP.

If Plaintiff fails to pay the $402 filing fee in full or submit a complete Motion to Proceed IFP within forty-five (45) days, this action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: May 5, 2021

Hon. Janis L. Sammartino
United States District Judge